## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AUTOMATA PRODUCTIONS, INC.,** | Case No. 3:16-0797-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DEEANNA SPICHER**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Automata Productions, Inc. ("Automata") brings this action against DeeAnna Spicher ("Spicher" or "Defendant"), alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1322. Defendant failed to answer or otherwise respond to Plaintiff's complaint, and on June 27, 2016, the Court entered an Order of Default against Defendant. Plaintiff now moves for the entry of a default judgment against Defendant. Plaintiff seeks statutory damages of no less than $5,000 and injunctive relief. For the reasons discussed below, Plaintiff's motion is granted in part, and the Court will enter a default judgment against Defendant in the amount of $1,500, along with injunctive relief.

**STANDARDS**

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

PAGE 2 – OPINION AND ORDER

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion
> as to the entry of a default judgment include: (1) the possibility of
> prejudice to the plaintiff, (2) the merits of plaintiff's substantive
> claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning
> material facts; (6) whether the default was due to excusable
> neglect, and (7) the strong policy underlying the Federal Rules of
> Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general

rule that default judgments are ordinarily disfavored." *Id.* at 1472

## BACKGROUND

On December 7, 2015, Plaintiff filed a complaint alleging that numerous unknown

persons, identified only by internet protocol ("IP") addresses, illegally downloaded Plaintiff's

movie, *Automata*. *See* Case No. 3:15-cv-2283-MO, ECF 1. Plaintiff alleged that these persons

downloaded copies of *Automata* on the internet using the peer-to-peer BitTorrent, or torrent, file

sharing protocol, in violation of the Copyright Act.

On or about February 9, 2016, Plaintiff received a subpoena response identifying

Kimyetta Moses of Portland, Oregon as the subscriber associated with one of the named IP

addresses, 73.164.153.48. In February and March, 2016, Ms. Moses communicated with

Plaintiff's counsel. Ms. Moses confirmed that it was her adult daughter, Defendant Spicher, who

had engaged in the infringing activity.

In March 2016, Plaintiff's counsel sent letters to Spicher notifying her of the alleged

infringement, presenting a settlement offer, and notifying her of her right to seek pro bono

counsel. Plaintiff's counsel also spoke with Spicher, who indicated she had not yet received any

written correspondence but would look into Plaintiff's allegations and get back in touch with

Plaintiff's counsel. Plaintiff's counsel received no further communications from Spicher.

On May 8, 2016, Plaintiff filed its complaint in this action, alleging claims against Spicher. On May 13, 2016, Spicher was served with the Summons and Complaint in this action. She failed to appear, and on June 27, 2016, the Court entered an order of default against Spicher.

After Plaintiff filed its motion for entry of a default judgment against Defendant, the Court appointed pro bono counsel to advise Defendant. Upon counsel's request, pro bono counsel was terminated after a few weeks because counsel could not get in contact with Defendant.

After Defendant had been notified of the lawsuit against her for the alleged illegal downloading of *Automata* using BitTorrent, a review of the IP address associated with Spicher and her mother shows significant continued BitTorrent activity. ECF 15-3.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiff's Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham,*

PAGE 4 – OPINION AND ORDER

*Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiff concedes that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiff seeks only statutory damages. Plaintiff also notes that judges in this district have generally awarded the statutory minimum damages of $750 in similar cases, particularly more recently, although Plaintiff cites to some earlier cases granting higher statutory damages. Plaintiff argues, however, that because of Defendant's willful infringement, deliberate refusal to participate in this litigation, and continued significant use of torrent protocol to download copyright-protected materials even after the filing of this lawsuit, damages of greater than the statutory minimum are warranted in this case. Accordingly, Plaintiff seeks statutory damages in the amount of no less than $5,000. Although the Court agrees that statutory damages of greater than $750 are warranted in this case, the Court does not believe that the facts and circumstances warrant statutory damages of $5,000 or more.

Defendant verbally admitted to Plaintiff's counsel that Defendant engaged in the infringing activity, was personally served with process, and then refused to participate in this proceeding. The Court appointed pro bono counsel to help Defendant, and pro bono counsel could not make contact with Defendant. There is no indication that Defendant changed her address or did not receive correspondence from the Court, pro bono counsel, and opposing counsel. Importantly, after being notified that use of the torrent protocol to download copyright-protected material is illegal and after being served with this lawsuit, the IP address associated with Defendant and her mother continues to download significant material using the torrent

protocol. Under these circumstances, the Court finds that the appropriate statutory damage award is $1,500.

Plaintiff also seeks injunctive relief preventing Defendant from future infringing activity against Plaintiff's motion picture *Automata*. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id.* § 502. The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." *Id.* § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiff's rights, including without limitation by using the internet to reproduce or copy Plaintiff's motion picture *Automata*, to distribute *Automata*, or to make *Automata* available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiff. The Court also orders Defendant to destroy all unauthorized copies of *Automata*.

## CONCLUSION

Plaintiff's motion for default judgment (ECF 14) is GRANTED IN PART. Defendant is ordered to (1) pay Plaintiff statutory damages of $1,500; (2) cease all activities infringing on Plaintiff's rights in the motion picture *Automata*; and (3) destroy all Defendant's unauthorized copies of *Automata*.

**IT IS SO ORDERED**.

DATED this 6th day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge